# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 20-2967

———————————————

United States of America

*Plaintiff - Appellee*

v.

David Allen Neadeau

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: September 20, 2021
Filed: September 27, 2021
[Unpublished]

——————————

Before SMITH, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.

——————————

PER CURIAM.

After the government charged David Neadeau with being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924(e)(1), he moved to suppress evidence, including the firearm, that police seized from his vehicle. He maintained that a state court that issued the warrant permitting the search did so without probable cause to

believe contraband would be found there. When the district court[1] denied the motion, Neadeau pleaded guilty to the charge but reserved the right to appeal the denial of his motion. The court sentenced him to 180 months' imprisonment, and he appeals. We affirm.

According to the warrant application, a police officer on routine patrol came across a car parked on the shoulder of a Minnesota highway. When the officer approached, he found the person in the driver's seat, later identified as Neadeau, asleep. The officer pounded on the window to awaken Neadeau, but he could not stay awake very long. While Neadeau struggled to open the window as the officer requested, the officer noticed that Neadeau "was slightly moving his right arm under his sweatshirt and around his waist band," or, as the affidavit later says, that Neadeau's "right hand appeared to be slightly digging around in his waist band under his sweatshirt."

The application continues by relating that Neadeau told the officer that he was traveling from a town some distance from where he was found to his aunt's house in North Minneapolis and that he had had a couple of drinks. The officer went to his patrol car to check if Neadeau had any outstanding warrants, and upon his return to Neadeau's vehicle he found Neadeau sleeping again. The officer once more woke Neadeau up, and he told the officer this time that he was going to his sister's house in Minneapolis. The officer then asked Neadeau to perform some sobriety tests, two of which Neadeau failed.

The application proceeds by noting that the officer transported Neadeau to a nearby correctional facility, and in route the officer was advised by a drug recognition

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Leo I. Brisbois, United States Magistrate Judge for the District of Minnesota.

expert with the state police that Neadeau's behavior was consistent with someone who was "coming down from a stimulant high." A breath test detected no alcohol but a urinalysis detected methamphetamine, amphetamine, and ecstacy. Neadeau, moreover, was being supervised by a federal probation officer and had a criminal history involving drug and firearm convictions. With all this information before it, the state court issued the warrant, and police uncovered a firearm in the vehicle.

We have described probable cause as "a fair probability that contraband or evidence of a crime will be found in a particular place, given the circumstances set forth in the affidavit" of the officer applying for a warrant. *See United States v. Colbert*, 605 F.3d 573, 576 (8th Cir. 2010). Probable cause "focuses on the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." So "[d]etermining whether probable cause exists requires a commonsense analysis of the facts available to the judicial officer who issued the warrant," and we accord "great deference" to an issuing court's determination that probable cause exists. *Id.*

Neadeau maintains on appeal that there was no reason to think that his vehicle contained contraband, given that the officer did not see or smell drugs or drug paraphernalia. But we have never required that an officer see or smell drugs before reasonably concluding that a vehicle might contain them. Probable cause deals in possibilities, not certainties.

Employing the "commonsense analysis" that our cases require, we agree with the district court that there was probable cause to search Neadeau's vehicle. There was ample reason to think that Neadeau had recently ingested illegal substances and that those substances might be near where the officer found him. Neadeau was found some distance from where his journey originated, on a trip that would take several hours, and so it is reasonable to think that he might have taken illegal substances on his journey or that he didn't have somewhere else nearby to keep or use them. *See*

*United States v. Caves*, 890 F.2d 87, 91 (8th Cir. 1989). Neadeau's furtive movements, *see United States v. Winters*, 600 F.3d 963, 968 (8th Cir. 2010), inconsistent accounts of his trip, *see United States v. Brown*, 345 F.3d 574, 578 (8th Cir. 2003), and criminal history, *see United States v. Short*, 2 F.4th 1076, 1081 (8th Cir. 2021), further contribute to the existence of probable cause. We see no error here.

Affirmed.

_____